**MISSOURI HIGHWAY & TRANS. COMM. Appellant,**

v.

**HAASE, Elmer H., & Lorraine Respondents.**

No. 53542.

Missouri Court of Appeals, Eastern District, Division Five.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied July 26, 1988.

Rich Tiemeyer, Chief Counsel, Tracy Hunsaker Gilroy, Asst. Counsel, Kirkwood, for appellant.

John Robert O'Connor, Washington, for respondents.

**CARL R. GAERTNER, Judge.**

In this action the Missouri Highway and Transportation Commission seeks to enjoin Elmer and Lorraine Haase from maintaining a retaining wall which the Commission contends encroaches upon its highway easement. The Haases deny the encroachment and seek an order of court quieting title to the property.[1] The trial court ruled in favor of the Haases. We reverse.

The evidence shows that in 1938 the Haases purchased a parcel of land located in the City of Gerald and bounded on the east by Highway H. By stipulation, the parties admitted the original plat of the City of Gerald and a document dedicating the streets and alleys as shown on said plat for public use as public thoroughfares. The plat depicts a 30 foot wide strip dedicated as a public thoroughfare running north and south along the eastern boundary of the City of Gerald. The documents also locate the city within "the east one-half of the northeast one-quarter of Section 11." The trial court expressly found and the parties do not dispute that the section line between Section 11 and Section 12 is identical with the center line of the presently paved Highway H. In 1933, through what is referred to in evidence as the Klusmeyer deed, the state acquired for highway purposes a strip of land thirty feet wide on the east side of the center line of Highway H across from the Haase property. There was testimony that similar conveyances all along the east side of the highway are recorded, but the only highway right of way to the west of the section line is that shown on the original 1901 plat of the dedication of the City of Gerald. The Haases' retaining walls are constructed eighteen feet west of the center line of Highway H.

The Haases contend that the original thirty foot right of way extends fifteen feet on each side of the present center line of Highway H. The Commission argues that its right of way extends thirty feet west of the center line by virtue of the original 1901 grant and an additional thirty feet east of the center line by virtue of the 1933 Klusmeyer deed. The documents admitted in evidence by stipulation of the parties inescapably support the Commission's argument.

It is undisputed that the original 1901 plat included a thirty foot strip for public thoroughfare. Because the plat only concerned land located in Section 11, no part of Section 12 could have been dedicated to public use pursuant to the 1901 grant.

---

1. In their answer and counterclaim the Haases pleaded, alternatively, that they were entitled to title by adverse possession. However, they do not dispute that adverse possession will not lie against state lands or easements. *Harrison v. St. Highways & Transp. Com'n,* 732 S.W.2d 214, 218 (Mo.App.1987); § 516.090 RSMo 1986.

Therefore, the public throroughfare must be thirty feet west of the section line. This fact is clearly reflected by the 1901 plat which shows the section line to be the eastern edge of the thirty foot dedicated strip. How, when and why Highway H came to be located half in Section 11 and half in Section 12, with its center line at the eastern edge of the public thoroughfare dedicated in 1901, is not disclosed by the evidence, nor is it relevant. The present pavement lies in the center of a sixty foot right of way. It follows that the Haases' retaining walls, located eighteen feet west of the center line of the present highway, are within the Commission's right of way.

The Haases' challenge to the probative value of a 1986 survey made for the Commission, based upon the contention that this survey did not commence from a point established on the original 1901 plat, is totally irrelevant. The Haases agree that the parties respective property rights are determined by the 1901 plat which establishes that their east property line and the Commission's west property line are coterminous. Also, they correctly argue that where both parties take under a plat they cannot question the location of their respective properties with regard to each other as shown on the plat. *Mothershead v. Milfeld*, 361 Mo. 704, 236 S.W.2d 343, 345 (1951); *Cantrell v. Bank of Poplar Bluff*, 702 S.W.2d 935, 940 (Mo.App.1985). However, they erroneously argue that this plat establishes their property line to be fifteen feet west of of the center line of the present Highway. The plat conclusively establishes this property line to be thirty feet west of the section line which is coterminous with the center line of the present road. Thus, the Haases erred in locating their retaining wall less than thirty feet west of the yellow line drawn down the existing pavement.

The trial court's specific finding of fact, "that the center line of the real, actual, paved and used road is identical with the section line" is not disputed. However, the court's conclusion, "that title to the disputed walls is vested in defendants [Haas-

es]," is totally inconsistent with this finding of fact since the thirty foot roadway dedicated in the 1901 plat lies entirely west of the section line.

The Haases attempt to justify the trial court's award of $5,000 in attorney's fees as being based upon section 514.205 RSMo 1986. This statute authorizes an award of attorney's fees and costs against a party who institutes a frivolous lawsuit in bad faith. This contention was not made in the trial court and, obviously, the lawsuit is not frivolous.

Accordingly, the trial court's judgment is reversed and the cause is remanded with directions to enter judgment in favor of plaintiff Missouri Highway and Transportation Commission permanently enjoining defendants Elmer and Lorrain Haase from obstructing and encroaching upon plaintiff's right of way.[2]

GRIMM and SIMEONE, JJ., concur.

2. Respondents' motion to dismiss appellant's appeal is denied.